UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 3:11-CR-00115 |
| ) | Judge Nixon |
| NANCY KEPLER ) | |

ORDER OF FORFEITURE CONSISTING OF $149,000.00
UNITED STATES CURRENCY MONEY JUDGMENT

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Nancy Kepler's guilty plea to the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 982(a)(7), Defendant Kepler shall forfeit to the United States her interest in any property constituting or derived from, directly or indirectly, gross proceeds traceable to the commission of the offense alleged in the Indictment, including but not limited to a money judgment in the amount of $149,000.00 in United States Currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $149,000.00 United States currency is proceeds from the offense of which Defendant Kepler was convicted.

2. The Court has determined, based on relevant and reliable evidence, including facts already in the record, the written plea petition dated December 4, 2012, any additional evidence or information submitted by the parties, and the Statement of Facts set forth at the plea colloquy on December 4, 2012 that $149,000.00 United States Currency is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7), and that the United States has established that the $149,000.00 United States currency is proceeds of the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property and any substitute property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 18 U.S.C. § 982(a)(7), Defendant Kepler shall forfeit to the United States the sum of $149,000.00 United States currency and, by virtue of this Order, a personal Money Judgment in that amount shall enter against Defendant. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of Forfeiture consisting of a Money Judgment in the amount of $149,000.00 United States currency shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $149,000.00 in proceeds attributable to the offenses for which Defendant has been convicted. Nor has the United States or Defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a Money

Judgment of $149,000.00 United States currency to substitute property having a value not to exceed $149,000.00 United States currency to satisfy the Money Judgment in whole or in part.

6. This Money Judgment against Defendant Kepler shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $149,000.00 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. Upon the payment of the Money Judgment in full, that the United States shall file a Satisfaction of Judgment with the District Court and the appropriate Clerk of the County in which any transcript or abstract of the judgment has been filed.

8. This Order is in continuing and full effect until payment of the $149,000.00 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 12th day of March, 2013.

JOHN T. NIXON
SENIOR JUDGE, U. S. DISTRICT COURT